IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN E. HOLLIS,<br><br>    **Plaintiff,**<br><br>v.<br><br>KEITH FEAR, NANCY FEAR,<br>WILLIAM HEAP, and KEVIN PARKER,<br><br>    **Defendants.** | Case No. 3:24-CV-1211-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") filed by Plaintiff Kevin E. Hollis. (Doc. 7). Hollis filed a Complaint and Request for Injunction on May 2, 2024, alleging violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as 18 U.S.C. § 242 and 24 C.F.R. 982. (Doc. 3). Hollis now seeks to proceed in federal court without prepayment of the required filing fees.

    Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is satisfied from Hollis's affidavit that he is indigent. (Doc. 7). Hollis reports that he is unemployed, has $270 in a checking account, and owns one operable vehicle, a 1994 Pontiac Sunbird. (*Id.*). He also pays monthly housing and utility bills, which are past due. (*Id.*). The Court therefore finds that Hollis is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under Section 1915(e)(2), the Court must screen an indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the Court accepts all factual allegations as true, construing all reasonable inferences in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements, however, are not enough. The complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at

404.

Here, as best the Court can tell, Hollis is alleging that he purchased a mobile home in 2014 that was permanently attached to land. (Doc. 3 at p. 5). He received assistance in purchasing the mobile home from a Federal Homeless Prevention Grant. (*Id.*). He now claims he is being illegally evicted from the property and has been placed in jail four times since the eviction action in Jasper County, Illinois, began in 2022. (*Id.*).

Hollis's IFP motion refers to Jasper County case number 2022EV2, which provides some clarity to his vague allegations in this case. *See Daniel v. Cook County*, 833 F.3d 728, 743 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). From the court filings in Jasper County, it appears that Keith Fear and Nancy Fear, Defendants in this matter, own the land on which Hollis's mobile home is located.[1] Defendant William Heap is the attorney representing the Fears in Jasper County, and Defendant Kevin Parker is the circuit judge presiding over the eviction matter. The Fears obtained a default judgment against Hollis, and Hollis was ordered to remove the mobile home from the Fears' property by May 6, 2022. Hollis did not remove the mobile home, leading to a finding of contempt. As of May 13, 2024, the eviction matter is still proceeding, with the parties having agreed that Hollis would remove the mobile home from the property. A status review hearing has been set for June 11, 2024.

---

[1] https://www.judici.com/courts/cases/case_history.jsp?court=IL040015J&ocl=IL040015J,2022EV2,IL040015JL2022EV2P1 (last visited May 30, 2024).

Based on the limited information available, it appears that Hollis's federal court case must be dismissed. Under certain doctrines, called abstention doctrines, a federal court must "decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Assocs., Inc. v. Dart,* 619 F.3d 674, 677 (7th Cir. 2010). One such abstention doctrine, *Younger* abstention, "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Id.; see also Younger v. Harris*, 401 U.S. 37 (1971). *Younger* is based on the principles of equity, comity, and federalism, including a respect for separate state governments. *Id.* "Underlying the *Younger* abstention doctrine is 'the assumption that state courts are co-equal to federal courts and are fully capable of respecting and protecting [a plaintiff's constitutional] rights.'" *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1074 (7th Cir. 2018)).

The *Younger* abstention doctrine applies when an ongoing state proceeding is (1) judicial in nature, (2) involves important state interests, and (3) provides an adequate opportunity to raise constitutional claims, (4) as long as no extraordinary circumstances exist that make abstention inappropriate. *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

Here, the ongoing Jasper County case is judicial in nature, and it implicates important state interests. Indeed, the Seventh Circuit Court of Appeals has applied *Younger* abstention to an eviction action where, like here, the party sought to enjoin the state court proceeding. *SKS*, 619 F.3d at 679.; *see also Newell v. Rolling Hills Apartments*,

134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) ("[E]viction is a relatively complex procedure extensively regulated by state law, which dictates stringent notice requirements and the nature of the eviction proceedings themselves."). In *SKS*, the plaintiff was the manager of residential real estate properties and filed suit in federal court to compel the Illinois circuit court to process evictions more quickly. *Id.* at 676. The Court of Appeals found that, while SKS was not the defendant in the state court eviction actions (as Hollis is here), it sought to have a federal court tell a state court how to manage a category of cases pending before it. *Id.* at 679. That, the Court of Appeals held, would "reflect a lack of respect for the state's ability to resolve the cases properly before its courts." *Id.* Hollis asks this Court to do the same—to tell the Jasper County court how to handle its eviction case. This Court must decline to do so.

The Court also finds that Hollis could raise his constitutional claims in state court, as there is no indication that he has attempted to raise them before Judge Parker. *See Berrada Properties Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746, 753 (E.D. Wis. 2022) (quoting *SKS*, 619 F.3d at 680) (" '[A] federal court should assume that state procedures will afford an adequate remedy [for those claims], in the absence of unambiguous authority to the contrary.' "). Finally, there are no extraordinary circumstances that would make abstention inappropriate here.

For these reasons, the Court finds that this case is inappropriate for resolution by a federal court. The Complaint (Doc. 3) is therefore **DISMISSED without prejudice**. However, in an abundance of caution, the Court will **GRANT** Hollis leave to amend his complaint to provide a more detailed statement of his claim. If Hollis chooses to file an

amended complaint, he should do so on or before **July 1, 2024**. In the meantime, the Court **RESERVES RULING** on Hollis's Motion for Leave to Proceed *in forma pauperis*. (Doc. 7).

**IT IS SO ORDERED.**

DATED:   May 31, 2024

*(signature)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**